IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

HAROLD LEONARD ARMSTRONG,

           Petitioner,       Civil No. 11-884-AA

          v.               ORDER

STATE OF OREGON, et al.,

           Respondents.

AIKEN, District Judge.

    A petition or motion for habeas corpus relief must be filed by a person who is "in custody" at the time of filing. See, 28 U.S.C. §§ 2241(c), 2254(a), 2255.; see also, Chacon v. Wood, 36 F.3rd 1459, 1462 (9th Cir. 1994) (habeas corpus petition not moot based solely on petitioner's subsequent release from custody). The custody requirement is satisfied if an un-incarcerated petitioner is subject to restraints not shared by the public generally. See, Hensley v. Municipal Court, 411 U.S. 345, 351 (1973) (release prior to service of

1 - ORDER

sentence); <u>Jones v. Cunningham</u>, 371 U.S. 236, 242-43 (1963) (release on parole).

An expired or completely served sentence does not meet the in custody requirement, even if that sentence could subsequently be used to enhance a future sentence, unless the petitioner is serving the second of consecutive sentences. <u>See</u>, <u>Garlotte v. Fordice</u>, 115 S.Ct. 1948, 1952 (1995) (consecutive sentences); <u>Malenge v. Cook</u>, 490 U.S. 488, 491-92 (1989)(per curiam) (basis for later enhancement).

In this case, petitioner seeks to challenge a February 13, 1975 conviction for which he was sentenced to 3 years probation.    Petitioner alleges that his probation was "successfully completed in 1978."    Petition (#1) p. 3. Accordingly, petitioner sentence has been completely served or has expired.    Therefore, based on the allegations of the Petition, petitioner is not in custody for purposes of challenging the conviction he seeks to challenge in this proceeding.

By Order (#5) entered September 9, 2011, petitioner was ordered to show cause within 30 days why his petition should not be denied on the ground that he is not "in custody" for purposes of seeking habeas corpus relief.

On January 12, 2011, petitioner filed a Response to the court's show cause order. (#24). Petitioner relies on <u>Malenge v. Cook</u>, supra, for the proposition that he is may "challenge prior conviction used to enhance existing sentence." Response

2 - ORDER

(#24), p. 2.

The question presented by this case is whether a habeas petitioner remains "in custody" under a conviction after the sentence imposed for it has fully expired, merely because of the possibility that the prior conviction will be used to enhance the sentences imposed for any subsequent crimes for which he is convicted. *We hold that he does not. . . .* In this case, of course, the possibility of a sentence upon a subsequent conviction being enhanced because of the prior conviction actually materialized, but we do not think that required a different conclusion." <u>Malenge v. Cook</u>, supra at p. 492. Thus, *Malenge* does not support petitioner's contention, and in fact, stands for the opposite..

The record before the court establishes that petitioner is not in custody for purposes of challenging his February 13, 1975 conviction.

Petitioner's Petition (#1) is denied. This proceeding is dismissed.

IT IS SO ORDERED.

DATED this _17_ day of January, 2012.

Ann Aiken
United States District Judge

3 - ORDER